IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICIA T.[1],

    Plaintiff,

v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Civ. No. 3:17-cv-01504-MC

OPINION AND ORDER

_____

MCSHANE, Judge:

    Plaintiff brings this action under 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income and disability insurance benefits. The ALJ's finding that Plaintiff is capable of performing jobs that exist in significant numbers in the national economy is not supported by substantial evidence. The ALJ's decision is REVERSED and this matter is REMANDED for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)); 20 C.F.R. §§ 404.901; 416.1401. To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

**DISCUSSION**

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id.*

In making the five-step determination, the Commissioner must consult the Medical-Vocational Guidelines (the grids), which consist of tables showing various qualifications for physical exertional levels (sedentary, light, medium, heavy, and very heavy). *Heckler v. Campbell*, 461 U.S. 458, 461–62 (1983); 20 C.F.R. § 404.1567. When a grid matches the claimant's exertional limitations, "the guidelines direct a conclusion as to whether work exists that the claimant could perform." *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (quoting *Heckler*, 461 U.S. at 462). When an "individual's exertional limitations are somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability . . . [and] a [VE]'s assistance is advisable . . . ." SSR 83-12; *see also Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000).

The ALJ found Plaintiff suffered from the following severe impairments: morbid obesity, chronic obstructive pulmonary disease (COPD), diabetes mellitus, degenerative joint disease, obstructive sleep apnea, age indeterminate compression fracture, depression, and posttraumatic stress disorder (PTSD). Tr. 20. After a hearing, the Administrative law judge (ALJ) concluded Plaintiff could perform some light work and was not disabled under the act. Tr. 22–23. Plaintiff argues the ALJ erred: (1) in failing to properly explain her use of the light work grid and (2) by relying on the testimony of the vocational expert (VE) who failed to provide job numbers for specific occupations.

**1. The ALJ's Use of the Light Exertion Grid**

Plaintiff argues that the ALJ failed to make any explicit findings regarding her use of the light versus sedentary grid. I disagree. The ALJ clearly explained that she used the light rule grid for the framework of her decision. She acknowledged that plaintiff had additional limitations that

would fall outside of the light grid qualifications. Tr. 27, 29. The ALJ then consulted with a VE regarding Plaintiff's exertional capacity and found that Plaintiff could perform some light work in the national economy regardless of her additional limitations. *Id.*

Plaintiff essentially argues the ALJ failed to adequately explain her decision to use the light rather than sedentary grid. But SSR 83-12—which is the agency's published policy for application of the grids when, as here, a claimant falls somewhere between two exertional levels—contains no requirement that an ALJ articulate the reasoning for using one grid over the other. SSR 83-12 merely provides that when those circumstances arise, "[VE] assistance is advisable for these types of cases." *Id.* at *3. Here, the ALJ did just that.

Plaintiff argues the agency's Program Operations Manual System (POMS) is instructive. That internal manual provides the following instruction for ALJ's faced with a claimant falling between two exertional levels: "**IMPORTANT:** Always explain the basis of your conclusions." POMS DI 25025.015.D. POMS, however, "constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ." *Lockwood v. Comm'r for Soc. Sec. Admin*, 616 F.3d 1068, 1073 (9th Cir. 2010). While failing to explain the basis of a decision to use one exertional level over another falls outside of the POMS instructions, it provides no basis for reversing an ALJ who, as here, utilized VE assistance as required under SSR 83-12.

## 2. The VE's Testimony

Plaintiff next argues that the ALJ's decision finding Plaintiff capable of performing jobs that exist in significant numbers in the national economy was not supported by substantial evidence. On this point I agree.

At the hearing, the VE testified that Plaintiff is capable of working as an office helper or small products assembler, consisting of 60,000 and 200,000 jobs in the national economy, respectively. Tr. 67–68. The parties agree that the VE failed to give job incidence numbers for specific occupations and instead provided numbers for overarching groups of titles that included office helper and small products assembler.

Defendant concedes that the ALJ erred in relying on the VE's testimony but argues that such reliance was harmless error. In Plaintiff's first application for disability benefits, a VE responded to a hypothetical question that was identical to the RFC in the present case. Tr. 112–13; Tr. 65–66. The first VE pointed to two light exertion representative occupations and, unlike the second VE, provided the incidence numbers for these specific occupations. Tr. 114. Defendant claims the ALJ could have relied on the first VE's testimony in her decision, making her citation to the second VE harmless error.

Defendant's argument fails because an ALJ cannot base her decision upon VE testimony that does not represent current job numbers. VE testimony "is only relevant to an ALJ's inquiry if it reflects the number of jobs in existence at the time of the hearing[.]" *Davis v. Astrue*, 647 F. Supp. 2d 598, 602 (E.D.N.C. 2009); *see also Alexander v. Colvin*, No. 4:14CV3194, 2015 WL 2151883, at *7 (D. Neb. May 7, 2015) (ALJ erred in relying on the testimony of VE because VE's testimony did not reflect the number of jobs in existence at the time of plaintiff's hearing). The VE's testimony in Plaintiff's first application occurred over four years prior to the hearing in the instant case and may, or may not, reflect current job numbers. Consequently, the ALJ's decision is not supported by substantial evidence and must be remanded for more accurate VE testimony and findings concerning the actual number of jobs available for someone with Plaintiff's RFC.

## CONCLUSION

The Commissioner's decision is REVERSED. This matter is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 25th day of March, 2019.

                                                                                              _____/s/ Michael McShane_____
                                                                                                 Michael McShane
                                                                                 United State District Judge